UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| T.J. G., Plaintiff, v. FRANK BISIGNANO Commissioner of the Social Security Administration, Defendant. | ) | No. 1:25-cv-01773-MPB-MG |

**ENTRY ADOPTING MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION**

Claimant T.J. G.[1] appeals the Social Security Administration's decision to deny her application for Supplemental Security Income ("SSI") benefits. (Docket No. 1). This matter was referred to the Magistrate Judge, (Docket No. 14), who recommended that the Commissioner's decision be affirmed, (Docket No. 23). Claimant timely filed a written objection, (Docket No. 24), to which the Commissioner responded, (Docket No. 25). For the following reasons, the Court **OVERRULES** Claimant's Objection, (Docket No. 24), **ADOPTS** the Magistrate Judge's recommended disposition, (Docket No. 23), and **AFFIRMS** the Commissioner's decision.

## I. Background

Claimant filed an application for SSI benefits in March 2022, alleging disability beginning in January 2009. (Docket No. 13-2 at ECF p. 11). The claim was denied at both the initial and reconsideration levels. (*Id.*). Claimant then requested a hearing, which was held before an Administrative Law Judge ("ALJ") in June 2024. (*Id.*).

[1] To protect the privacy interests of claimants for Social Security benefits, the Southern District of Indiana has chosen to use only the first name and last initial of non-governmental parties in its Social Security review opinions.

Following the hearing, the ALJ followed the five-step evaluation process and concluded that Claimant was not disabled. (*Id.* at ECF pp. 11–26). At Step One, the ALJ found that Claimant had not engaged in substantial gainful activity since the application date. (*Id.* at ECF p. 13). At Steps Two and Three, the ALJ found that Claimant had severe impairments including degenerative disc disease, seizures, depression, and anxiety, but that she did not have an impairment or combination of impairments that met or equaled the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at ECF pp. 13–21). At Step Three but before Step Four, the ALJ assessed Claimant's Residual Functional Capacity ("RFC") as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she should have only moderate noise exposure, as defined by the Selected Characteristics of Occupations in the Dictionary of Occupational Titles; never be exposed to unprotected heights or hazardous machinery; is able to, on a sustained basis, understand, remember, and carryout simple instructions; able to make judgments commensurate with the functions of simple repetitive tasks; cannot work at a production rate pace or meet strict quota production requirements, but can meet all end of day goals; can manage the changes and stress involved with simple work; and can relate on a superficial and ongoing basis with coworkers and supervisors, with occasional interaction during the initial training period then superficial interaction thereafter.

(*Id.* at ECF p. 21). At Step Four, the ALJ found that Claimant had no past relevant work. (*Id.* at ECF p. 25). And at Step Five, the ALJ considered Claimant's "age, education, work experience, and residual functional capacity," in concluding that "there are jobs that exist in significant numbers in the national economy" that Claimant could perform. (*Id.* at ECF pp. 25–26). The ALJ memorialized his findings and conclusion in a decision dated August 2, 2024. (*Id.* at ECF pp. 11–26).

After the Appeals Council denied Claimant's request for review, (*id.* at ECF p. 2), Claimant sought review from this Court, (Docket No. 1). The Magistrate Judge was unpersuaded

by Claimant's challenges, recommending that the ALJ's decision be affirmed. (Docket No. 23). Claimant timely objected, (Docket No. 24), and the Commissioner responded, (Docket No. 25).

## II. Legal Standard

Courts affirm an ALJ's decision when the factual findings are supported by substantial evidence and there are no errors of law. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citation omitted). The ALJ's decision must "reflect[] an adequate logical bridge from the evidence to the conclusions." *Id.* A district court confines the scope of its review to the rationale offered by the ALJ, *Tumminaro v. Astrue*, 671 F.3d 629, 632 (7th Cir. 2011), and gives the ALJ "considerable deference" in its credibility findings, overturning those findings only if he or she is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (citation modified).

District courts review a party's written objections to the Magistrate Judge's recommended disposition *de novo*. Fed. R. Civ. P. 72(b)(3). That review requires a re-examination of the case with a fresh set of eyes and "an independent judgment of the issues." *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1210 (7th Cir. 1984). After review, the Court may adopt, reject, or modify the recommendations of the Magistrate Judge. Fed. R. Civ. P. 72(b)(3).

## III. Discussion

Claimant contends that the ALJ's decision in this case cannot stand because he failed to appropriately evaluate the opinion of a consultative exam provider—Dr. Kurzhals—who estimated that some areas of Claimant's mental health were moderately to markedly impaired. More specifically, Claimant faults the ALJ for finding Dr. Kurzhals's opinion only "partially persuasive" without pointing to evidence contrary to his findings or identifying the portions of

Dr. Kurzhals's opinion that were not fully persuasive. The Commissioner responds that the ALJ more than met the minimal articulation requirement for evaluating Dr. Kurzhals's opinion. The Court agrees with the Commissioner.

Claimant was referred to Dr. Kurzhals by the Disability Determination Bureau for a psychological evaluation, which took place in August 2022. (Docket No. 13-7 at ECF p. 16). In summarizing his psychological examination of Claimant, Dr. Kurzhals provided the following opinions:

> [Claimant's] ability to understand and remember simple instructions is estimated to be mildly to moderately impaired, due to concentration problems and estimated significantly below average intellectual abilities. Her ability to understand and remember complex instructions is estimated to be moderately to markedly impaired, due to concentration problems and estimated significantly below average intellectual abilities. Her ability to relate to coworkers, supervisors and the public is estimated to be moderately to markedly impaired, due to depression and anxiety. Her ability to deal with normal pressures in a competitive work setting is estimated to be moderately to markedly impaired due to depression, anxiety, and limited coping skills.

(*Id.* at ECF pp. 19–20). For claims filed after March 27, 2017, such as Claimant's, the ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. § 404.1520c(a). Still, the ALJ must consider medical opinions using the regulatory factors, including supportability, consistency, relationship with the claimant, and specialization. *Id.* § 404.1520c(c)(1)–(5). At a minimum, the ALJ must explain how he or she considered the supportability and consistency factors.[2] *Id.* § 404.1520c(b)(2). An ALJ may, but is not required to, explain how he or she considered the other regulatory factors. *Id.* In considering

---

[2] "Supportability" considers "the objective medical evidence and supporting explanations presented by a medical source . . . to support [their] medical opinions(s)[.]" 20 C.F.R. § 404.1520c(c)(1). And "consistency" considers how "consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim[.]" *Id.* § 404.1520c(c)(2).

medical opinions, an ALJ is "subject to only the most minimal of articulation requirements." *Warnell v. O'Malley*, 97 F.4th 1050, 1054 (7th Cir. 2024).

Claimant has not shown that the ALJ's evaluation of Dr. Kurzhals's opinion, or any other medical opinion, failed to meet these minimal articulation requirements. After summarizing Dr. Kurzhals's opinion, the ALJ described it as "partially persuasive" and provided reasons for doing so. (Docket No. 13-2 at ECF p. 24). The ALJ credited the opinion because it was "based on his evaluation of" Claimant. (*Id.*). But the ALJ discounted it because "the claimant's treating findings in evidence are limited and do not support a consistent, longitudinal history of the claimant's symptoms reported during this evaluation." (*Id.*). Specifically, the ALJ noted inconsistent symptoms reported during two mental status examinations. (*Id.*) ("While the claimant's 2022 mental status examination showed she was cooperative with normal moods and affects, her 2023 examination found she was distressed, anxious, and tearful with pressured speech."). The ALJ noted further that "[t]hese are the only two treating mental health visits and, on both occasions, she declined medications and referrals for outpatient services." (*Id.*). The ALJ further discussed Dr. Kurzhals's opinion when evaluating the state agency psychological consultants' opinions, explaining that his examination found Claimant "to have depressed mood and depressed and anxious affect, but also generally normal speech, thoughts, memory, judgment, and insight." (*Id.* at ECF p. 25). Therefore, contrary to Claimant's contention, the ALJ confronted Dr. Kurzhals's opinion and explained why he discounted it to the extent he found it partially persuasive.

Nor has Claimant shown that the ALJ played doctor, as she argues, by failing to identify evidence that contradicts Dr. Kurzhals's findings or making his own independent medical findings. Typically, ALJs impermissibly "play doctor" when they "reject a doctor's medical conclusion without other evidence" or "draw medical conclusions themselves about a claimant

without relying on medical evidence." *Back v. Barnhart*, 63 F. App'x 254, 259 (7th Cir. 2003). Here, the ALJ's evaluation of Dr. Kurzhals's opinion does not reflect such a departure from the medical evidence. Rather, his partial rejection of Dr. Kurzhals's opinion was articulated by reference to other evidence and followed by an evaluation of two state-agency psychological consultants' opinions that the ALJ found "generally persuasive as they are supported by the totality of, although limited, medical records in evidence." (Docket No. 13-2 at ECF pp. 24–25). Therefore, the ALJ did not play doctor—he "did what the ALJs must do: he considered all evidence and weighed it." *Bishop v. Comm'r of Soc. Sec.*, No. 3:24-CV-271, 2025 WL 952502, at *3 (N.D. Ind. Mar. 31, 2025).

Claimant's contention that the ALJ failed to acknowledge the parts of Dr. Kurzhals's opinion he discounted fares no better. As the Magistrate Judge explained, a holistic reading of the ALJ's decision indicates that the ALJ discounted Dr. Kurzhals's opinion only to the extent that the ALJ concluded Claimant had no more than moderate mental health limitations in the relevant categories. (Docket Nos. 23 at ECF pp. 6–7; 13-2 at ECF pp. 19–20) (discussing Dr. Kurzhals's examination findings and concluding Claimant's mental health impairments, as categorized, are not "greater than moderate in degree"); *see Rice v. Barnhart*, 384 F.3d 363, 370 n.7 (7th Cir. 2004) ("[I]t is proper to read the ALJ's decision as a whole[.]"). Moreover, to the extent the "moderate to marked" portions of Dr. Kurzhals's opinion, which the ALJ found "partially persuasive," did not align with the two state-agency psychological consultants' "moderate" opinions, which the ALJ found "generally persuasive," that is reflected in the ALJ's ultimate "moderate" limitation findings.[3] (*See* Docket No. 13-2 at ECF pp. 19–20, 24–25). And the

[3] The Court also notes, as did the Magistrate Judge, that the mental health categories on which Dr. Kurzhals opined during his examination are not identical to the mental RFC categories assessed by the ALJ. (*Compare* Docket Nos. 13-7 at ECF pp. 19–20, *with* 13-2 at ECF pp. 19–20). Claimant does not engage with this distinction. Nor does Claimant explain how the ALJ could have incorporated a "moderate to marked" finding into the listings or RFC

regulations specifically provide for a "source-level articulation"—not how the ALJ considered each medical opinion from one medical source individually. 20 C.F.R. § 404.1520c(b)(1) ("We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually."). Here, the ALJ did just that by determining Dr. Kurzhals's opinions were overall "partially persuasive" due to the relevant regulatory factors.

And Claimant's reliance on *Beardsley v. Colvin* and other caselaw for the proposition that an ALJ's rejection of the Agency's own consultative examiner's opinion requires the Court "to take notice and await a good explanation" is unavailing. 758 F.3d 834, 839 (7th Cir. 2014). Claimant overlooks the 2017 regulatory changes that altered how opinion evidence is weighed by the ALJ. *See Thielen v. King*, No. 23-cv-1378, 2025 WL 415638, at *3 (E.D. Wis. Feb. 6, 2025) ("*Beardsley* predates a 2017 change to the regulations governing an ALJ's review of the opinion evidence."). As discussed above, for claims filed after March 27, 2017, "the ALJ must not 'defer or give any specific evidentiary weight' to any medical sources." *Id.* (quoting 20 C.F.R. § 404.1520c(a)). Rather, the ALJ was required to evaluate Dr. Kurzhals's opinion for supportability and consistency, and the Court sustains his evaluation because it at least minimally articulated his reasons for finding Dr. Kurzhals's opinion "partially persuasive."

The ALJ in this case minimally articulated the persuasive value of the medical opinions in the record, building a logical bridge from the evidence to his ultimate conclusion that the record supported a finding of non-disability. The Court will not reweigh the evidence or

---

analysis had the ALJ adopted Dr. Kurzhals's exact "moderate to marked" impairment findings. (*Cf.* Docket No. 16 at ECF p. 10) (discussing how "[t]wo *marked* limitations" could have "resulted in a finding of disability at Step 3" and "one limitation greater than the moderate limitations included in the RFC may have precluded all work.") (emphasis added). After all, the ALJ's conclusions reflect an agreement with Dr. Kurzhals's opinion to the extent he determined some areas of Claimant's mental health were moderately impaired.

substitute its judgment for that of the ALJ in light of the substantial evidence that supports the ALJ's decision.

## IV. Conclusion

Having reviewed *de novo* the Magistrate Judge's analysis and conclusions set forth in the Report and Recommendation, the Court **OVERRULES** Claimant's Objection, (Docket No. 24), **ADOPTS** the Magistrate Judge's Report and Recommendation, (Docket No. 23), and **AFFIRMS** the Commissioner's decision.

**IT IS SO ORDERED.**

Date: 09/28/2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record